PER CURIAM.
The defendants appeal from an adverse final judgment entered upon a non-jury trial in an action for damages for alleged breach of employment contract. By a written contract the defendants employed the appellee-plaintiff for the calendar year 1975 to perform certain stated services at a salary of $3,000.00 per month. The contract provision for termination therein was as follows: “This agreement can be terminated at any time upon the written notice of both parties.” Prior to the end of the year, by a letter exchanged between the parties, the employment contract was extended for the year 1976 on the same terms. On September 15, 1976, by written notice, the em *112 ployers terminated the agreement, purportedly as of August 31, 1976.[1]
The appellee filed action, claiming breach of contract. The plaintiff stated he was paid through August, 1976, and sought recovery of the salary for September through December, 1976. The defendants relied upon the right to terminate the contract by notice. The court held the plaintiff-employee was entitled to recover the salary for the balance of the year, with interest after January 1, 1977. Defendants appealed.
Inherent in the judgment was a ruling by the trial court that the termination clause in the contract would not permit either party to terminate the contract and that the meaning of the termination provision was that the contract could be terminated only by mutual consent. With that interpretation of the contract we cannot agree, and we hold that the provision in question entitled the employer to terminate the contract. The termination was effective in September of 1976 and the employee is entitled to be paid for that month. Accordingly, the judgment is amended to constitute a judgment in favor of the plaintiff against the defendants for the sum of $3,000.00 with interest thereon at 6% from September, 1976 and costs in the amount of $85.50.
Judgment amended, and, as amended, affirmed.

. The termination letter included the following statements:
“As expressed in prior conversations, our marketing and sales programs are not definite at this time and, accordingly, there are no reasons to justify extending our arrangement beyond August 31, 1976.
“Should our future plans require your talents, we would welcome the opportunity to discuss possible areas of mutual interest. As for the present, however, please consider this letter as formally confirming our previous understanding that our arrangement for your services is to be discontinued as of August 31, 1976.”